GRIFFIN, J.
The State Department of Children and Families [“DCF”] appeals an order entered in a dependency case designating appellee, H.W.W., as the long-term relative placement for four children.
On March 29, 2000, the four children were taken into custody by DCF. The children were placed with H.W.W. and B.N. Although H.W.W. and B.N. are originally shown in court records as the children’s grandparents, H.W.W. appears to be related to the children through his daughter, whose half-sister is the children’s mother. The children continued in that placement for over a year.
Sometime before July 12, 2001, the trial judge called an informal meeting in his chambers to explore options for obtaining financial assistance for H.W.W. and B.N. in caring for the children. The meeting was not formally noticed, nor was a court reporter present. The parents of the children, although parties to the dependency, were not informed of the meeting. The meeting resulted in the issuance of an order finding that H.W.W. was a “relative caregiver” within the meaning of section 39.5085, Florida Statutes (2000)[1] and Florida Administrative Code Chapter 65C-24, and which declared him to be entitled to receive certain financial assistance in caring for the children. The de *1251 fendant did not seek reconsideration or rehearing of this order but, instead, filed this appeal claiming that it was a procedural error for the court to enter this order since this meeting had none of the essential attributes of a juvenile dependency hearing, including a motion, notice, taking of evidence and transcription. Although there is nothing in the statement of proceedings reconstructing the record to suggest that the DCF ever objected to the proceedings, their informality or the outcome, we are bound to agree that the order cannot stand.
We are unaware how prevalent is this practice of a judge convening “meetings” rather than conducting hearings in juvenile cases. Such a practice does appear to be fraught with potential for problems, however. Certainly, if one of these “meetings” appears to be moving in the direction of court action, it is incumbent on the court to either adjourn the meeting and convene a hearing in accordance with the rules, or to create a record establishing that those procedures have been waived. The appealed order is vacated.
Order VACATED.
THOMPSON, C.J., and SAWAYA, J„ concur.

. Section 39.5085, Florida Statutes (2000), provides in relevant part:
(2)(a) The Department of Children and Family Services shall establish and operate the Relative Caregiver Program pursuant to eligibility guidelines established in this section as further implemented by rule of the department. The Relative Caregiver Program shall, within the limits of available funding, provide financial assistance to relatives who are within the fifth degree by blood or marriage to the parent or stepparent of a child and who are caring full-time for that child in the role of substitute parent as a result of a court's determination of child abuse, neglect, or abandonment and subsequent placement with the relative pursuant to this chapter. Such placement may be either court-ordered temporary legal custody to the relative under protective supervision of the department pursuant to s. 39.521(l)(b)3., or court-ordered placement in the home of a relative as a permanency option pursuant to s. 39.622. The Relative Caregiver Program shall offer financial assistance to caregivers who are relatives and who would be unable to serve in that capacity without the relative caregiver payment because of financial burden, thus exposing the child to the trauma of placement in a shelter or in foster care.